JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KAI HON SHUM

## DEFENDANTS
BIOMETRIC IMAGING, INC.

**(b)** County of Residence of First Listed Plaintiff  King
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Carmon M. Harvey, Esq., LeClairRyan, One Liberty Place, 1650 Market Street, 36th Floor, Philadelphia, PA  19103; 215-383-0912

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332
Brief description of cause:
Breach of contract for failure to pay Notes due and owing.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  $946,137.66

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  June 27, 2016

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4315 53rd Avenue, N.E., Seattle, WA 98105

Address of Defendant: 325 Chestnut Street, Suite 610, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Carmon M. Harvey, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: June 27, 2016   _Carmon M Harvey_   91444
                        Attorney-at-Law        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 27, 2016   _Carmon M Harvey_   91444
                        Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kai Hon Shum, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| Biometric Imaging, Inc. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              **(X)**

| | | |
|---|---|---|
| June 27, 2016 | Carmon M. Harvey, Esq. | Kai Hon Shum |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 383-0912 | (215) 383-0916 | Carmon.Harvey@leclairryan.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Kai Hon Shum,                  )
                             )
            Plaintiff,      )
                             )
v.                            )     Civ. A. No. _____
                             )
Biometric Imaging, Inc.,     )
                             )
            Defendant.    )

## COMPLAINT

Plaintiff Kai Hon Shum ("Shum"), by his attorneys Carmon M. Harvey and LeClairRyan, hereby sues defendant Biometric Imaging, Inc., and for his causes of action states as follows:

### PARTIES

1.      Plaintiff Kai Hon Shum is an individual residing in the State of Washington.

2.      Defendant Biometric Imaging, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

### FACTS COMMON TO ALL COUNTS

3.      Upon information and belief, Ralph Zuckerman ("Zuckerman") served as president of Biometric Imaging, Inc. from its inception through 2015.

4.      Biometric Imaging, Inc. was formed to serve as a vehicle for the development and exploitation of real time non-invasive metabolic imaging technology (the "Technology").

5.      Zuckerman and Plaintiff Shum were former neighbors in 2005 when Biometric Imaging, Inc. required additional infusions of capital in order to develop and exploit the Technology.

6.      Shum and Zuckerman agreed that Shum would invest in, and loan money to, Biometric Imaging, Inc. through a series of equity infusions and loans.

**A.      Note 1**

7.      Shum loaned $100,000.00 to Biometric Imaging, Inc. on March 7, 2005, as evidenced by a note signed by Zuckerman ("Note 1"), a copy of which is attached as Exhibit 1 and incorporated as though fully set forth herein.

8.      Note 1 provided for interest at the rate of 2%, compounded annually, with a two year maturity.

9.      Note 1 was renewed on March 5, 2007, pursuant to an email exchange between Zuckerman and Shum.  The interest rate on Note 1 was increased to 4.75%, and the maturity extended by an additional two years.  A copy of the email exchange renewing Note 1 is attached hereto as Exhibit 2 and incorporated by reference.

10.      Note 1 was renewed a second time on April 15, 2009, by a renewal agreement that changed the interest rate to 2.8% per annum and extended the maturity date by an additional two years, through March 7, 2011.  A copy of the April 15, 2009 renewal of Note 1 is attached hereto as Exhibit 3 and incorporated by reference.

**B.      Note 2**

11.      Shum loaned $105,305.00 to Biometric Imaging, Inc. on November 30, 2005, as evidenced by a note signed by Zuckerman ("Note 2"), a copy of which is attached as Exhibit 4 and incorporated as though fully set forth herein.

12.      Note 2 provided for interest at the rate of 2%, compounded annually, with a two year maturity.

2

13.    Note 2 was amended on February 14, 2006 to increase the interest rate from 2% to 3.2%.  A copy of the email exchange regarding this amendment is attached hereto as Exhibit 5 and incorporated as though fully set forth herein.

14.    Note 2 was renewed on January 5, 2008, at which time the interest rate was increased to 4.75% per annum, and its term extended two years from December 1, 2007.  A copy of the renewal is attached hereto as Exhibit 6 and incorporated as though fully set forth herein.

**C.    Note 3**

15.    Shum loaned $200,000.00 to Biometric Imaging, Inc. on October 23, 2006, as evidenced by a note signed by Zuckerman ("Note 3"), a copy of which is attached as Exhibit 7 and incorporated as though fully set forth herein.

16.    Note 3 provided for interest at the rate of 4.75% per annum, compounded annually, with a two year maturity.

17.    Note 3 was renewed on November 1, 2008, for an additional two year term from October 26, 2008, all other terms remained the same.

**D.    Note 4**

18.    Shum loaned $20,000.00 to Biometric Imaging, Inc. on October 30, 2006, as evidenced by a note signed by Zuckerman ("Note 4"), a copy of which is attached as Exhibit 8 and incorporated as though fully set forth herein.

19.    Note 4 provided for interest at the rate of 4.75%, compounded annually, with a two year maturity.

20.    Note 4 was renewed on November 1, 2008, extending its term for two years from October 30, 2008.

**E.     Note 5**

21.     Shum loaned $50,000.00 to Biometric Imaging, Inc. on May 25, 2007, as evidenced by a note signed by Zuckerman ("Note 5"), a copy of which is attached as Exhibit 9 and incorporated as though fully set forth herein.

22.     Note 5 provided for interest at the rate of 4.75% per annum, compounded annually, with a three year maturity.

**F.     Note 6**

23.     Shum loaned $150,000.00 to Biometric Imaging, Inc. on January 5, 2008, as evidenced by a note signed by Zuckerman ("Note 6") (Note 1 through Note 6 are collectively referred to herein as the "Notes"), a copy of which is attached as Exhibit 10 and incorporated as though fully set forth herein.

24.     Note 6 provided for interest at the rate of 4.75%, compounded annually, with a two year maturity.

**G.     2011 Acknowledgement**

25.     On July 17, 2011, Shum sent an email to Zuckerman in which he stated:

This is also a good time to clean up the company's books.  I do want to let you know that several weeks ago, my accountant tallied up the six loans that I had previously extended to Biometric.  As you know, these loans were extended during times of urgent need, and the loan repayments are past due.  The loans are recorded in our company's tax returns, and the balance due is $764,472.  We have two options of dealing with this: one way is to repay me in cash as soon as possible; and the second way is to convert the balance due into equity, and be added to my existing equity.

26.     Zuckerman responded later on July 17, 2011:

Your loan will be repaid with interest at the time I sell the ophthalmic portion.  At that time you will get about 12 million dollars and my own money that I make will go to charity.  If you do the arithmetic you will realize that your return on investment is huge and your loan plus interest will be repaid at that time.

27.     Shum acknowledged Zuckerman's email later on July 17, 2011, stating:

If . . . the loans can't be paid off now, at least the company has to know the balance.

28.     In their July 17, 2011 email exchange, Zuckerman also informed Shum:

Biometric will be an LLC instead of an S corp.  We will issue you stock certificates corresponding to your percentage as will other prior investors.

29.     On July 17, 2011, Shum acknowledged "I think what you mean is that Biometric will become a LLC."  A copy of pertinent portions of the July 17, 2011 email exchange (the "July 17 Email") is attached hereto as Exhibit 11.

30.     Biometric Imaging, LLC was formed on July 14, 2011.

31.     Upon information and belief, following the formation of Biometric Imaging, LLC, Biometric Imaging, Inc. became a member of Biometric Imaging, LLC and Biometric Imaging, LLC received an assignment of the assets of Biometric Imaging, Inc., and assumed its liabilities, including the obligations owed to Shum, however Shum has never released Biometric Imaging, Inc. from liability on the Notes.

## H.     Current Balance Due

32.     As of May 23, 2016, the total balance due on Note 1 was $139,309.50, comprised of $138,503.33 in principal and $806.17 in interest accrued since March 6, 2016.

33.     As of May 23, 2016, the total balance due on Note 2 was $166,272.45, comprised of $162,570.09 in principal and $3,702.37 in interest accrued since November 30, 2015.

34.     As of May 23, 2016, the total balance due on Note 3 was $312,137.34, comprised of $303,680.06 in principal and $8,457.28 in interest accrued since October 22, 2015.

35.     As of May 23, 2016, the total balance due on Note 4 was $31,186.07 comprised of $30,368.01 in principal and $818.06 in interest accrued since October 29, 2015.

36.     As of May 23, 2016, the total balance due on Note 5 was $75,872.86, comprised of $72,477.34 in principal and $3,395.51 in interest accrued since May 29, 2015.

37.     As of May 23, 2016, the total balance due on Note 6 was $221,336.87, comprised of $217,432.03 in principal and $3,904.87 in interest accrued since January 6, 2016.

38.     The total balance due on the Notes, as of May 23, 2016, was Nine Hundred Forty-six Thousand One Hundred Thirty-seven Dollars and Sixty-six Cents ($946,137.66).

39.     To date, none of the Notes has been repaid and each remains fully outstanding.

**I.     Subsequent Communication**

40.     On January 21, 2016, Shum received a letter from the law firm Bronson & Kahn LLC stating:

> We are counsel to Biometric Imaging, LLC, a Delaware limited liability company ("BILLC").  It is our understanding that you may be an investor in BILLC.

A copy of the January 21, 2016 letter is attached hereto as Exhibit 12.

COUNT I
BREACH OF CONTRACT AGAINST BIOMETRIC IMAGING, INC.

41.     Shum re-alleges the allegations in Paragraphs 1 through 40 above and incorporates them herein.

42.     Upon information and belief, Biometric Imaging, LLC has sold all, or substantially all, of its assets, including but not limited to the ophthalmic application of the technology, and the Notes are fully due and payable.

43.     Biometric Imaging, Inc. has failed to pay any of the Notes, which failure constitutes a breach of contract.

WHEREFORE, Plaintiff Kai Hon Shum demands judgment against Defendant Biometric Imaging, Inc. in the amount of as of May 23, 2016 of $946,137.66, together with pre and post-judgment interest, and costs of this action.

6

## COUNT II
## UNJUST ENRICHMENTAGAINST BIOMETRIC IMAGING, INC.

44.     Shum re-alleges the allegations in Paragraphs 1 through 40 above and incorporates them herein.

45.     Shum conferred on Biometric Imaging, Inc. a benefit in the form of infusions of capital in the total amount of $625,305.00, plus all unpaid pre-judgment interest in an amount as of May 23, 2016 of $320,832.66, in order to develop and exploit the Technology, as reflected in the Notes and related amendments and renewals attached as Exhibits 3-10.

46.     Biometric Imaging, Inc. appreciated the benefit of the capital infusions reflected in the Notes and related amendments and renewals attached as Exhibits 3-10.

47.     Biometric Imaging, Inc. accepted the benefit of the infusions of capital from Shum and, under such circumstances, it is inequitable and unconscionable for Biometric Imaging, Inc. to retain the benefit without payment of value in the amount as of May 23, 2016 of $625,305.00, plus unpaid pre-judgment interest in the amount as of May 23, 2016 of $320,832.66, totalling $946,137.636 in benefits to Biometric Imaging, Inc. as of May 23, 2016.

WHEREFORE, Plaintiff Kai Hon Shum demands judgment against Defendant Biometric Imaging, Inc. in the amount of $625,305.00, plus all unpaid pre-judgment interest in an amount as of May 23, 2016 of $320,832.66, post-judgment interest, and costs of this action.

## COUNT III
## DECLARATORY JUDGMENT AS TO BIOMETRIC IMAGING, INC.

48.     Shum re-alleges the allegations in Paragraphs 1 through 40 above and incorporates them herein.

49.     Upon information and belief, Biometric Imaging, Inc. takes the position that the Notes are time-barred pursuant to the applicable statute of limitations.

7

50.     Shum asserts that the July 17, 2011 email exchange modified the terms of the Notes to make them payable upon the sale of the ophthalmic portion of the Biometric Imaging, Inc. assets (subsequently transferred to Biometric Imaging, LLC in exchange for an equity interest in Biometric Imaging, LLC).

51.     To the extent Biometric Imaging, LLC has not sold the ophthalmic portion of the assets transferred to it by Biometric Imaging, Inc., Shum is entitled to a declaration of his rights with respect to the continued vitality of the Notes.

52.     A real and justiciable dispute exists as to the terms of the Notes.

WHEREFORE, Plaintiff Kai Hon Shum requests that this Court issue a judgment declaring that the Notes are due and payable upon the sale of the ophthalmic portion of the Biometric Imaging, Inc. assets previously transferred to Biometric Imaging, LLC, and have a balance, as of May 23, 2016, of $946,137.66.

LECLAIRRYAN

Carmon M. Harvey
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Phone: 215.383.0912
Fax:  215.383.0916
carmon.harvey@leclairryan.com

*Attorneys for Plaintiff*

Dated:  June 27, 2016

8

# EXHIBIT 1

4315 53rd Avenue NE
Seattle, Washington 98105
March 7, 2005

Re:  USD$100,000 Personal Loan from Kai Hon Shum to Biometric Imaging, Inc.

Dear Dr. Ralph Zuckerman:

Please find with this letter, my personal check (#1113) for USD $100,000.  This sum of money is my personal loan to Biometric Imaging, Inc. for purposes of bridging a potential shortfall in the company's operational expenses.

Pertaining to this loan, the following terms apply:

1) This loan is subject to a 2% per annum interest rate.
2) Interest shall be compounded annually at the 2% rate.
3) The term of this loan shall not exceed 2 years from the date of this letter.
4) Interest and principle shall be repaid in one-payment within the term period of 2-years.   The preference for this total repayment shall be at the earliest possible time within the 2-year term.
5) In the event I become mentally incompetent to handle the repayment transaction or to decease before the principle and interest are repaid, then these monies shall be repaid to my estate.  If I am married, please contact my wife at (206)527-1888, or if I am not married, please contact my brother at (206)417-4807.

Please sign and date in the space below to signify your agreement to having received this loan, and as agreement to comply with all the conditions outlined in this letter.  Two originals of this letter are hereby attached.  Please sign both originals, and send one original back to me at the address above.

Sincerely,

Kai Hon Shum

From Biometic Imaging, Inc. to Kai Hon Shum:
I agree to having received this USD$100,000 loan from you, and to the terms outlined in this letter.

Ralph Zuckerman, President
Biometric Imaging, Inc.

03/09/05
Date

# EXHIBIT 2